# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

BRIAN HENRY and )
AMBER QUINTANILLA, )
                      )
       Plaintiffs, )
                      )
v. )       Case No. _____
                      )
CITY OF KINGSPORT, Tennessee, )
A governmental entity, )
                      )
DALE PHIPPS, Chief of Police, )
Kingsport Police Department, )
                      )
ROBERT COFFEY, )
Kingsport Police Department, )
                      )
HUNTER HITE, )
Kingsport Police Department, )
                      )
       Defendants. )

---

## COMPLAINT

---

Come now the Plaintiffs, Brian Henry ("Mr. Henry") and Amber Quintanilla ("Ms. Quintanilla") (collectively referred to as "Plaintiffs"), by and through counsel, and for their Complaint against the Defendants, City of Kingsport, Chief of Police Dale Phipps, Officer Robert Coffey, and Officer Hunter Hite, would respectfully state as follows:

## I.     NATURE OF ACTION

1. In the early morning hours of September 18, 2021, Officers with the Kingsport Police Department were dispatched to 1221 E. Center Street, Kingsport,

Tennessee ("the residence") after receiving a call regarding an alleged domestic disturbance. Defendants Robert Coffey and Officer Hunter Hite, Officers with the Kingsport Police Department, responded to the call.

2. Officer Coffey was the first officer to arrive at the residence. Mr. Henry was outside of the residence while Ms. Quintanilla remained inside the residence. Officer Coffey spoke with Mr. Henry and at Officer Coffey's request, Mr. Henry sat down on the ground outside of the residence. Officer Coffey then went to the residence and spoke with Ms. Quintanilla. While Officer Coffey and Ms. Quintanilla were talking, Mr. Henry requested his keys. Officer Coffey then yelled at Mr. Henry to not "smart off" to him, stormed off the porch of the residence, and without any provocation or threat from Mr. Henry, violently and forcefully struck Mr. Henry, causing Mr. Henry to fall to the ground. After Mr. Henry fell, both Officer Coffey and Officer Hite repeatedly punched and struck Mr. Henry. Officer Hite also kneed Mr. Henry in the ribs. As a result of this vicious attack, Mr. Henry suffered numerous contusions and a black eye.

3. While Officer Coffey and Officer Hite were beating Mr. Henry, Ms. Quintanilla remained in the residence, horrified by the assault on Mr. Henry and frightened for her own safety. Ms. Quintanilla screamed at the officers, begging them to stop beating Mr. Henry, to no avail. Officer Hite came to the door of the residence and demanded that Ms. Quintanilla give him her cell phone and step outside. When Ms. Quintanilla declined to do so, Officer Hite forcefully punched Ms. Quintanilla in the face with his closed fist, causing Ms.

Quintanilla to fall to the ground. Officer Hite and Officer Coffey both rushed into Ms. Quintanilla's residence and started hitting her as she lay bloodied, stunned, and defenseless on the ground. The officers then grabbed Ms. Quintanilla, forced her to her feet, and drug her out of her residence. As a result of the assault, Ms. Quintanilla sustained lacerations and bruising around her eye, which was almost swollen shut. She also had contusions all over her body.

4. Among other rights, on September 18, 2021, Mr. Henry and Ms. Quintanilla each had the following clearly established constitutional rights:

  ▪ the right to be secure in his/her person from excessive force, under the Fourth and Fourteenth Amendments; and

  ▪ the right to be protected from harm while being detained.

5. Defendants, acting under color of state law, deprived Mr. Henry of his constitutional rights and seriously injured him. By this action, brought under 42 U.S.C. § 1983 and Tennessee common law, Mr. Henry alleges the following claims:

  a. the unnecessary, unreasonable, and unjustified use-of- force by Kingsport Police Department Officer Robert Coffey and Officer Hunter Hite, in violation of Mr. Henry's right to be free from excessive force under the Fourth and Fourteenth Amendments;
  b. the failure to protect Mr. Henry from gratuitous harm by deputies or officers;
  c. the failure of the City of Kingsport to properly train and supervise officers with respect to the appropriate procedures for using force on suspects or detainees; and
  d. state claims for battery, negligence, and outrageous conduct.

6. Defendants, acting under color of state law, deprived Ms. Quintanilla of her constitutional rights and seriously injured her. By this action, brought under 42 U.S.C. § 1983 and Tennessee common law, Ms. Quintanilla alleges the following claims:

   a. the unnecessary, unreasonable, and unjustified use-of- force by Kingsport Police Department Officer Robert Coffey and Officer Hunter Hite, in violation of Ms. Quintanilla's right to be free from excessive force under the Fourth and Fourteenth Amendments;
   b. the failure to protect Ms. Quintanilla from gratuitous harm by deputies or officers;
   c. the failure of the City of Kingsport to properly train and supervise officers with respect to the appropriate procedures for using force on suspects or detainees; and
   d. state claims for battery, negligence, and outrageous conduct.

## II.    JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' claims arising under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' claims arising under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

8. This Court also has supplemental jurisdiction over any claims brought under Tennessee law pursuant to 28 U.S.C. §1367, as such claims are so related to claims in the action within the original jurisdiction of this Court as to form part of the same case or controversy under Article III of the United States Constitution.

9. Venue lies in the United States District Court for the Eastern District of Tennessee because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Sullivan County, Tennessee. 28 U.S.C. § 1391(b)(2).

### III.    PARTIES

**A. Plaintiffs**

10. Plaintiff, Brian Henry, brings this action individually against all Defendants. During all relevant times, Mr. Henry was a citizen and resident of Hawkins County, Tennessee.

11. Plaintiff, Amber Quintanilla, brings this action individually against all Defendants. During all relevant times, Ms. Quintanilla was a citizen and resident of Sullivan County, Tennessee.

**B. Defendants:**

12. Defendant, City of Kingsport, Tennessee, is a governmental entity and political subdivision of the State of Tennessee, duly organized, and may be served through the City Mayor, Patrick W. Shull, 225 W. Center Street, Kingsport, Tennessee.

13. The City of Kingsport possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the Kingsport Police Department ("KPD"), and to assure that said actions, policies, rules, regulations, practices and procedures of the KPD and

its employees and agents comply with the laws and constitutions of the United States and of the State of Tennessee.

14. The City of Kingsport is answerable for the safekeeping of persons in its custody and responsible for all matters relating to the selection, supervision, promotion, training, and discipline of employees, including uniformed and non-uniformed employees.

15. In this case, the City of Kingsport and KPD acted through their agents, employees, and servants, including policymakers like Chief of Police, Dale Phipps ("Chief Phipps"), who is sued herein in his individual capacity and as principal on his official bond. At all times material hereto, Chief Phipps was operating under color of law. Chief Phipps is, upon information and belief, a citizen and resident of Sullivan County and may be served at the Kingsport Police Department, 200 Shelby Street, Kingsport, Tennessee.

16. At all times material hereto, Chief Phipps was the duly elected Chief of Police, responsible for the screening, hiring, firing, training and the supervision of KPD employees.

17. At all times material hereto, Chief Phipps also possessed the power and authority and was charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the use of force by KPD officers

18. At all relevant times, Robert Coffey was employed by the KPD. Officer Coffey is sued in his individual capacity and as principal on his official bond. At all relevant times, Officer Coffey was operating under color of law. Officer Coffey

is, upon information and belief, a citizen of Sullivan County and may be served at the Kingsport Police Department, 200 Shelby Street, Kingsport, Tennessee.

19. At all relevant times, Hunter Hite was employed by the KPD. Officer Hite is sued in his individual capacity and as principal on his official bond. At all relevant times, Officer Hite was operating under color of law. Officer Hite is, upon information and belief, a citizen of Sullivan County and may be served at the Kingsport Police Department, 200 Shelby Street, Kingsport, Tennessee.

### C. Co-Conspirators

20. Various persons or entities not made Defendants in this lawsuit, including but not limited to City of Kingsport officials, commissioners, or KPD employees, have participated as co-conspirators with Defendants in the violations asserted herein and have performed acts and made statements in furtherance thereof. Plaintiffs reserve the right to name some or all of these persons as Defendants at a later date.

## IV.    FACTUAL ALLEGATIONS

21. In the early morning hours of September 18, 2021, Officers with the Kingsport Police Department were dispatched to the residence after receiving a call regarding an alleged domestic disturbance. Defendant Robert Coffey and Defendant Hunter Hite, Officers with the Kingsport Police Department, responded to the call.

22. Officer Coffey was the first officer to arrive at the residence. Mr. Henry was outside of the residence while Ms. Quintanilla remained inside the residence. Officer Coffey spoke with Mr. Henry and at Officer Coffey's request, Mr. Henry sat down on the ground outside of the residence. Officer Coffey then went to the residence and spoke with Ms. Quintanilla. While Officer Coffey and Ms. Quintanilla were talking, Mr. Henry requested his keys. Officer Coffey then yelled at Mr. Henry to not "smart off" to him, stormed off the porch of the residence, and without any provocation or threat from Mr. Henry, violently and forcefully struck Mr. Henry, causing Mr. Henry to fall to the ground. After Mr. Henry fell, both Officer Coffey and Officer Hite repeatedly punched and struck Mr. Henry. Officer Hite admitted during the preliminary hearing for Mr. Henry and Ms. Quintanilla that he hit Mr. Henry in the face with his left hand in a closed fist more than two times. (Transcript of Preliminary Hearing, p. 26, l. 13 – p. 27, l. 9).  Officer Hite also kneed Mr. Henry in the ribs while Mr. Henry was on the ground. (Id. at p. 25, l. 22 – p. 26, l. 20). As a result of this vicious attack, Mr. Henry suffered numerous contusions and a black eye. Officer Hite testified that at the time that he first encountered Mr. Henry, he did not have any facial lacerations or bruising. (Id. at p. 31, l. 9 –12).

23. While Officer Coffey and Officer Hite were beating Mr. Henry, Ms. Quintanilla remained in the residence, horrified by the officers' assault on Mr. Henry and frightened for her own safety. Ms. Quintanilla screamed at the officers, begging them to stop beating Mr. Henry, to no avail. Officer Hite came to the door of

the residence and demanded that Ms. Quintanilla give him her cell phone and step outside. When Ms. Quintanilla declined to do so, Officer Hite forcefully punched Ms. Quintanilla in the face with his closed fist, causing Ms. Quintanilla to fall to the ground. As Officer Hite testified during the preliminary hearing, "I hit her two times in the face" with a closed fist. (Transcript of Preliminary Hearing, p. 13, l. 20). Officer Hite and Officer Coffey both rushed into Ms. Quintanilla's residence and started hitting her as she lay bloodied, stunned, and defenseless on the ground. The officers then grabbed Ms. Quintanilla, forced her to her feet, and dragged her out of her residence. As a result of the assault, Ms. Quintanilla sustained lacerations and bruising around her eye, which was almost swollen shut. She also had contusions all over her body. Officer Hite testified that at the time that he first encountered Ms. Quintanilla at the residence, she did not have any facial lacerations or bruising. (Preliminary Hearing, p. 32, l.39 – 7).

24. Mr. Henry and Ms. Quintanilla were denied medical treatment for their injuries. They were both arrested and transported to jail.

25. As a proximate cause of the foregoing actions, Mr. Henry suffered from acute pain secondary to trauma, multiple contusions, and painful injuries to his eye. Also, as a proximate result of the Defendants' actions, Mr. Henry suffered serious psychological harm, conscious physical pain, loss of enjoyment of life, and emotional injury and distress.

26. As a proximate cause of the foregoing actions, Ms. Quintanilla suffered from acute pain secondary to trauma, multiple contusions, and lacerations and injuries to her eye. Also, as a proximate result of the Defendants' actions, Ms. Quintanilla suffered serious psychological harm, conscious physical pain, loss of enjoyment of life, and emotional injury and distress.

## V.    WAIVER OF IMMUNITY

27. The City of Kingsport has waived immunity for its own negligence and for its employees, misconduct of officers acting under color of law, and for the negligence of officers, as set out in Tenn. Code Ann. § 29-20-305. There is no immunity for individuals for criminal conduct, or conduct which is willful or malicious.

## VI.    CLAIMS FOR RELIEF

### COUNT ONE

**EXCESSIVE FORCE: PHYSICALLY ASSAULTING MR. HENRY**
**Violation of Civil Rights under Color of Law**
**42 U.S.C. §§ 1983 and 1988 under the Fourth and Fourteenth Amendments**
**(Against Officer Robert Coffey and Officer Hunter Hite)**

28. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

29. Mr. Henry received serious and disabling injuries as a result of the Defendants' use of excessive force against him.

30. Since at least 2009, the use of violence against a subdued and non-resisting individual like Mr. Henry has been clearly established as excessive force, regardless of whether the individual had been placed in handcuffs.

31. Defendants' actions in proximately causing the above-described traumatic injuries to Mr. Henry were unreasonable and excessive.

32. Mr. Henry's resistance, if any at all, was at most passive. A reasonable officer would have recognized that the circumstances did not support the level of force used on Mr. Henry.

33. There was no apparent risk of immediate threat to Officer Coffey and/or Officer Hite or anyone else, as Mr. Henry was not brandishing a weapon. In fact, as Officer Hite testified, Mr. Henry kept his arms underneath his body as he was on the ground. (Transcript of Preliminary Hearing, p. 28, l. 23 – p. 29, l. 1). And even if some force were constitutionally reasonable (it was not), the degree of force at issue here – striking Mr. Henry when he posed no threat to officers and then beating him as he lay on the ground – was clearly over the line and unconstitutionally disproportionate in degree to the circumstances.

34. The Individual Defendants – Officer Coffey and Officer Hite – violated Mr. Henry's civil rights by using a degree of physical force unnecessary and not objectively reasonable under the circumstances. Their actions proximately caused injuries to Mr. Henry and their disregard of Mr. Henry's civil rights was done by either actual malice or deliberate indifference. As a result, Mr.

Henry suffered substantial physical and serious psychological injury, conscious pain and suffering, and medical expenses.

35. Mr. Henry sues Officer Coffey and Officer Hite for violation of his constitutional rights, and seeks any and all damages allowable, attorney's fees pursuant to 42 U.S.C. § 1988, costs, and discretionary costs.

## COUNT TWO

**EXCESSIVE FORCE: PHYSICALLY ASSAULTING MS. QUINTANILLA**
**Violation of Civil Rights under Color of Law**
**42 U.S.C. §§ 1983 and 1988 under the Fourth and Fourteenth Amendments**
**(Against Robert Coffey and Officer Hunter Hite)**

36. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

37. Ms. Quintanilla received serious and disabling injuries as a result of the Defendants' use of excessive force against her.

38. Since at least 2009, the use of violence against a subdued and non-resisting individual like Ms. Quintanilla has been clearly established as excessive force, regardless of whether the individual had been placed in handcuffs.

39. Defendants' actions in proximately causing the above-described traumatic injuries to Ms. Quintanilla were unreasonable and excessive.

40. Ms. Quintanilla resistance, if any at all, was at most passive. A reasonable officer would have recognized that the circumstances did not support the level of force used on Ms. Quintanilla.

41. There was no apparent risk of immediate threat to Officer Coffey and/or Officer Hite or anyone else, as Ms. Quintanilla was not brandishing a weapon. Instead,

Ms. Quintanilla was standing inside her residence, watching, terrified, as officers beat Mr. Henry. And even if some force were constitutionally reasonable (it was not), the degree of force at issue here – punching Ms. Quintanilla with a closed fist and then severely beating her after she fell to the ground– was clearly over the line and unconstitutionally disproportionate in degree to the circumstances.

42. The Individual Defendants – Officer Coffey and Officer Hite – violated Ms. Quintanilla's civil rights by using a degree of physical force unnecessary and not objectively reasonable under the circumstances. Their actions proximately caused injuries to Ms. Quintanilla and their disregard of Ms. Quintanilla's civil rights was done by either actual malice or deliberate indifference. As a result, Ms. Quintanilla suffered substantial physical and serious psychological injury, conscious pain and suffering, and medical expenses.

43. Ms. Quintanilla sues Officer Coffey and Officer Hite for violation of her constitutional rights, and seeks any and all damages allowable, attorney's fees pursuant to 42 U.S.C. § 1988, costs, and discretionary costs.

**COUNT THREE**

**FAILURE TO PROTECT**
**Violation of Civil Rights under Color of Law**
**42 U.S.C. §§ 1983 and 1988 under the Fourth and Fourteenth Amendments**
**(Against Officer Robert Coffey and Officer Hunter Hite)**

44. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

45. The KPD officers on the scene –Officer Robert Coffey and Officer Hunter Hite– did nothing to protect Mr. Henry and Ms. Quintanilla.

46. These Defendants owed Mr. Henry and Ms. Quintanilla a duty of care to protect them. A special relationship existed between Mr. Henry and Ms. Quintanilla and these Defendants which gave rise to that duty. These Defendants breached that duty by, among other actions, needlessly, unreasonably, and gratuitously allowing Mr. Henry and Ms. Quintanilla to be beaten.

47. As a direct and proximate result of the acts or omissions of these Defendants, Mr. Henry and Ms. Quintanilla suffered injuries.

48. The Plaintiffs sue these Defendants for their violation of their constitutional rights, and seeks any and all damages allowable, attorney's fees pursuant to 42 U.S.C. § 1988, costs, and discretionary costs.

## COUNT FOUR

**MUNICIPAL LIABILITY -FAILURE TO TRAIN AND SUPERVISE**
**Violation of Civil Rights under Color of Law**
**42 U.S.C. §§ 1983 and 1988 under the Fourth and Fourteenth Amendments**
**(Against the City of Kingsport)**

49. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

50. The City of Kingsport failed to train and supervise officers or employees to avoid the use of excessive force.

51. If Officer Robert Coffey and Officer Hunter Hite had been properly trained to respect the constitutional rights of suspects, they would not have assaulted the

Plaintiffs in the first place under circumstances, e.g., striking Mr. Henry and beating him after he fell to the ground and punching Ms. Quintanilla with a closed fist and then beating her as she lay on the floor of her home.

52. The unconstitutional consequences of failing to train officers in the reasonable use-of-force are so patently obvious that the City of Kingsport is liable under § 1983.

53. Upon information and belief, as final policymaker for the KPD, Chief Phipps established and implemented policies and procedures, and/or ratified pre-existing policies and procedures, regarding the use of force by KPD officers against citizens

54. Even if the policies and procedures regarding the use of force against citizens do not themselves violate federal law, there is and was – at the time of the incident described herein – a persistent and widespread practice among KPD officers of using excessive force on a subject when it is unnecessary and objectively unreasonable as a matter of law to do so, amounting to a custom or course of conduct so widespread as to become informal KPD policy, acquiring the force of law.

55. And even if the formal policies and procedures of the KPD are not themselves unlawful, alternatively, the operation of such policies and procedures "on the street" reflects a standard operating procedure, and a widespread and persistent practice, of officers violating citizens' federally-protected rights as identified herein.

56. The response by Chief Phipps and the KPD has been inadequate:

- the lack of or inadequate mechanism for identifying or tracking unconstitutional uses of force;

- the lack of or inadequate documentation of individual uses of force, and the justification for such;

- the lack of or inadequate supervisory review of documentation of individual uses of force and the justification for such;

- the lack of or inadequate mechanism for monitoring or tracking uses of force;

- the lack of unbiased investigation of complaints of improper uses of force;

- the lack of or inadequate investigation of complaints of improper uses of force;

- the lack of or inadequate training regarding the legal limitations on the permissible use of force; and

- the lack of or inadequate discipline of individual officers found to have committed unlawful uses of force.

57. Such violations were the moving force behind – and directly and proximately caused – the violations of the Plaintiffs' rights and injuries; and render the City of Kingsport liable.

58. The City of Kingsport had a duty of care to the Plaintiffs to ensure that its officers were properly trained in the appropriate procedure for responding to an alleged domestic disturbance and the appropriate use-of-force. This duty extends to ensuring that its officers were properly trained concerning the limits of their authority to use force. The duty further extends to ensure that its

supervisory officers are properly trained not to overlook or condone unnecessary and unreasonable uses-of-force.

59. The City of Kingsport also has a duty to train its sworn officers to report abuse and unreasonable uses-of-force. These duties were all breached with respect to the Plaintiffs' seizure and arrest, as described herein.

60. The City of Kingsport also has a duty to properly supervise its officers and to ensure that its supervisory officers do not condone the use of gratuitous or unnecessary force. This is especially true when there is (a) a "likelihood that [a] situation will recur" (b) with such a "high degree of predictability" that "an officer lacking specific tools to handle that situation will violate citizens' rights." Here, responding to an alleged domestic disturbance is a frequent part of officers' daily shifts. Officers must therefore have specific training to be equipped to properly react to a recurring situation without escalating it.

61. Here, the officers who interacted with the Plaintiffs, including Officer Robert Coffey and Officer Hunter Hite, lacked the tools to safely handle such a situation and wound up escalating it and needlessly causing the Plaintiffs to suffer serious injuries.

62. The City of Kingsport's failure to develop and promulgate lawful policies outlining the guidelines responding to alleged domestic disturbances and the appropriate use-of-force and to properly train its officers and supervisors to follow such guidelines constitute deliberate indifference to the Constitutional rights of citizens.

63. The Individual Defendants' actions – violently striking Mr. Henry and beating him viciously, knowing Mr. Henry was subdued, effectively restrained, and not resisting and punching Ms. Quintanilla in the face and beating her as she lay on the floor of her residence, subdued, effectively restrained, and not resisting – evidenced a complete lack of training in the lawful use-of-force and in de-escalating situations.

64. The failure of supervisors to recognize or appreciate the gravity of the above-described actions implies that the City of Kingsport found no wrong in the conduct, all but "green lighting" officers to use excessive force.

65. The Due Process Clause prohibits the City of Kingsport from having any custom, policy, or procedure which would constitute the proximate cause of its officers' deprivation of any citizen's constitutional rights. Where such a custom, policy, or procedure has resulted in its officers' deprivations of a citizen's constitutional rights under 42 U.S.C. §1983, sovereign immunity is removed.

66. Official policy usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy.

67. The actions and inactions of demonstrate that prior to September 18, 2021, the City of Kingsport had developed and maintained a policy, custom, or practice exhibiting deliberate indifference to the unreasonable use of force, which ultimately resulted in the violation of the Plaintiffs' civil rights.

68. Here, the officers believed that their actions would not be properly monitored or corrected by supervisory officers and that their misconduct would be tolerated and accepted.

69. These failures demonstrate a practice or custom that resulted in the deprivation of the Plaintiffs' civil rights. The City of Kingsport, while it may have established certain "policies and procedures" regarding the procedure for the use-of-force, failed to enforce those policies and/or to appropriately discipline and/or sanction those who disregard those policies and procedures, establishing, by custom and usage, a de facto policy of, among other things, allowing the unnecessary and unreasonable use-of-force to go unchecked.

70. As a proximate result of Defendants' actions, the Plaintiffs suffered substantial physical and serious psychological injuries, pain and suffering, and incurred medical expenses.

71. The Plaintiffs sue the City of Kingsport for its violation of their constitutional rights, and seek any and all damages allowable, attorney's fees pursuant to 42 U.S.C. § 1988, costs, and discretionary costs.

**COUNT FIVE**

**BATTERY OF MR. HENRY**
**(Against the City of Kingsport, Officer Robert Coffey and Officer Hunter Hite)**

72. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

73. The above-described actions by Officer Robert Coffey and Officer Hunter Hite, acting under color of law and in the course and scope of their employment for the City of Kingsport, constitute battery against Mr. Henry.

74. The officers, through the actions described above, did intentionally attempt to do and did cause serious bodily harm to Mr. Henry and caused Mr. Henry conscious pain and suffering and psychological trauma. Each of these Defendants, in the course of their employment, made contact with Mr. Henry in a harmful and offensive way, committing battery against Mr. Henry.

75. Mr. Henry sues these Defendants for battery and seek any and all damages allowable, costs, and discretionary costs.

## COUNT SIX

### BATTERY OF MR. QUINTANILLA
### (Against the City of Kingsport, Officer Robert Coffey and Officer Hunter Hite)

76. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

77. The above-described actions by Officer Robert Coffey and Officer Hunter Hite, acting under color of law and in the course and scope of their employment for the City of Kingsport, constitute battery against Ms. Quintanilla.

78. The officers, through the actions described above, did intentionally attempt to do and did cause serious bodily harm to Ms. Quintanilla and caused Ms. Quintanilla conscious pain and suffering and psychological trauma. Each of these Defendants, in the course of their employment, made contact with Ms.

Quintanilla in a harmful and offensive way, committing battery against Ms. Quintanilla.

79. Ms. Quintanilla sues these Defendants for battery and seek any and all damages allowable, costs, and discretionary costs.

## COUNT SEVEN

## NEGLIGENCE
### (Against the City of Kingsport, Officer Robert Coffey and Officer Hunter Hite)

80. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

81. Defendants had a duty to the Plaintiffs to act with ordinary care and prudence so as not to cause the Plaintiffs harm or injury.

82. The actions of Defendants were negligent and reckless, including but not limited to:

   ▪ Violently striking and beating Mr. Henry and he lay on the ground;
   ▪ kicking Mr. Henry;
   ▪ punching Ms. Quintanilla and beating her as she lay on the floor of her residence;

83. Defendants owed a duty to the public in general and specifically to the Plaintiffs to use due care in fulfilling their duties and to ensure their conduct conformed to applicable laws, policies, procedures, and generally accepted law enforcement standards. As described above, Defendants breached their duties of due care and were negligent, grossly negligent, reckless, willful, and wanton in all of the foregoing particulars.

84. Pursuant to the Tennessee Governmental Tort Liability Act, these Defendants also owed the Plaintiffs a duty of care to be free from excessive force and to protect the Plaintiffs from injury.

85. As a direct and proximate result of Defendants' conduct, as alleged above, and other undiscovered negligent conduct, the Plaintiffs were caused to suffer bodily injuries and severe pain and suffering.

86. The foregoing acts of the Defendants proximately caused the injuries to the Plaintiffs, entitling the Plaintiffs to recover compensatory damages from Defendants for such damages. Said damages include, but are not limited to, bodily injuries and the tremendous pain and suffering the Plaintiffs endured.

## COUNT EIGHT

### OUTRAGEOUS CONDUCT/ INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Officer Robert Coffey and Officer Hunter Hite)

87. The allegations of the preceding paragraphs of this Complaint are hereby incorporated by reference, as if set forth verbatim.

88. The allegations outlined herein against Officer Robert Coffey and Officer Hunter Hite are outrageous and utterly intolerable in a civilized society, and were done with a reckless disregard of the probability of causing emotional distress.

89. Officer Robert Coffey and Officer Hunter Hite knew, or should have known, that their conduct – gratuitously beating a sufficiently restrained and non-resisting Mr. Henry while Ms. Quintanilla watched, horrified– would result in

injuries and severe emotional distress to both Mr. Henry and Ms. Quintanilla, and their conduct was perpetrated with the calculated intent to inflict – or with reckless disregard of the probability of inflicting – severe emotional distress upon Mr. Henry and Ms. Quintanilla.

90. Officer Robert Coffey and Officer Hunter Hite knew, or should have known, that their conduct – violently punching Ms. Quintanilla in the face and then beating her as she was on the floor of her residence, sufficiently restrained and non-resisting– would result in injuries and severe emotional distress to Ms. Quintanilla, and their conduct was perpetrated with the calculated intent to inflict – or with reckless disregard of the probability of inflicting – severe emotional distress upon Ms. Quintanilla.

91. The aforementioned acts were done knowingly, intentionally, and maliciously for the purpose of harassment, oppression and inflicting injury upon the Plaintiffs, and in reckless, wanton and callous disregard of their safety, security, and civil rights.

92. The wrongful acts of Officer Robert Coffey and Officer Hunter Hite were willful, oppressive, intentional, and malicious, and punitive damages should be assessed in an amount deemed sufficient to punish and deter them and others from engaging in similar conduct in the future.

## VII.   JURY DEMAND

93. Pursuant to *Federal Rule of Civil Procedure* 38(b), the Plaintiffs demand a trial by jury of all of the claims asserted in this Complaint so triable.

# VIII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray:

A. That Defendants be served with a copy of this Complaint and be required to answer;

B. That the Court find that Defendants have engaged in the conduct and statutory and common law violations alleged herein;

C. That the Plaintiffs be awarded such damages as will fully compensate them for all injuries proximately caused by Defendants' actions and that a judgment in the Plaintiffs' favor be entered;

D. That Mr. Henry be awarded compensatory damages in an amount to be determined by the trier of fact, not to exceed $150,000.00;

E. That Mr. Henry be awarded punitive damages in an amount to be determined by the trier of fact, not to exceed $150,000.00;

F. That Ms. Quintanilla be awarded compensatory damages in an amount to be determined by the trier of fact, not to exceed $150,000.00;

G. That Ms. Quintanilla be awarded punitive damages in an amount to be determined by the trier of fact, not to exceed $150,000.00;

H. That the Plaintiffs have and recover costs for this suit, including reasonable attorneys' fees and discretionary costs, as provided by law; and

I.  That the Plaintiffs be awarded pre-judgment and post-judgment interest as permitted by common law or applicable statute and such other or further relief as may be just and proper.

Respectfully submitted, this the 16th day of September, 2022.

_s/ Corey B. Shipley_

Corey B. Shipley, BPR No. 032772

**Collins Shipley, PLLC**

102 S. Main Street

Greeneville, TN 37743

Phone: (423) 972-4388

Fax:    (423) 972-4387

Email: corey@collinsshipley.com


_s/ Curt Collins_

Curt Collins, BPR No. 030111

**Collins Shipley, PLLC**

102 S. Main Street

Greeneville, TN 37743

Phone: (423) 972-4388

Fax:    (423) 972-4387

Email: curt@collinsshipley.com


_s/ T. Hunter Shelton_

T. Hunter Shelton, BPR No. 038375

**Collins Shipley, PLLC**

102 S. Main Street

Greeneville, TN 37743

Phone: (423) 972-4388

Fax:    (423) 972-4387

Email: hunter@collinsshipley.com
